## Westinghouse Electric Supply Co. v. School District of Philadelphia

*Melvin Lashner,* for plaintiff.

*Kenneth M. Cushman,* for United Bonding Insurance Co.

HIRSH, J., October 22, 1970.—This matter is before the court on preliminary objections of defendant, United Bonding Insurance Company. Plaintiff has filed a complaint in equity seeking a restraining order against the School District of Philadelphia barring the school district from paying to defendant, United Bonding Insurance Company, any sums of money until United Bonding Insurance Company either pays, settles or has determined certain suits which are pending against it in the Court of Common Pleas of Philadelphia County. Plaintiff relies on Martin v. National Surety Corporation, 437 Pa. 159, 262 A. 2d 672 (1970), which case is distinguishable from the case at bar in that in Martin the court found that the trustee in bankruptcy had no adequate remedy at law in that it could not take its claim to the board of arbitration of claims because the six-months statute of limitation had expired. No such prohibition exists in this case and no reason has been shown why plaintiff cannot proceed against defendant on defendant's bonds.

Plaintiff, Westinghouse, does not contend that the penal sum of United's bonds on the two projects are insufficient to satisfy whatever amount, if any, may be found to be due to Westinghouse on these respective bonded projects.

Under these facts, we find that plaintiff has an adequate remedy at law and granting plaintiff's prayer could prejudice and delay the completion of school projects to the detriment of the public.

It is ordered the preliminary objections of defendant, United Bonding Insurance Company, to plaintiff's complaint in equity are sustained and the complaint in equity is dismissed.